IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
MAY 2 0 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**GEORGE ALLEN WARD,**

      **Petitioner,**

v.                           **Civil No. 2:08cv22**
                               **Criminal No. 4:94cr70**

**PATRICIA STANSBERRY,**

      **Respondent.**

### ORDER AND OPINION

This matter is before the Court on petitioner George Allen Ward's ("Petitioner") Motion to Alter or Amend Judgment, filed pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"). Doc. 9. The respondant's time to respond to this motion expired May 14, 2008; thus, the motion is ripe for decision by the Court. For the reasons set forth herein, Petitioner's Motion under Rule 59(e) is **DENIED**.

On April 22, 2008, the Court entered an Order denying Petitioner's motion for post conviction relief pursuant to 28 U.S.C. § 2241 ("section 2241"). Doc. 7.[1] Petitioner argued in his section 2241 motion that he was entitled to relief from his conviction for Use of a Firearm During and In Relation to a Drug Trafficking Crime under 18 U.S.C. § 924(c) under the recent

---

[1] The factual and procedural background leading up to Petitioner's motion under section 2241 is detailed in the April 22, 2008 Order and in many prior Orders of this Court addressing Petitioner's many claims for post conviction relief. See No. 4:94cr70. Thus, the Court will not repeat this information here.

United States Supreme Court decision in Watson v. United States, 128 S. Ct. 579 (2007). Doc. 1. Watson held that an individual who receives firearms in exchange for drugs does not "use" a firearm "during and in relation to . . . [a] drug trafficking crime." 128 S. Ct. at 579. This Court's April 22, 2008 order noted that the Supreme Court did not state whether Watson applied retroactively to cases on collateral review. Doc. 7. The Court then declined to find that Watson applied retroactively. Id.

Motions filed pursuant to Rule 59(e) seeking an amended judgment are disfavored and should only be granted in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Petitioner's Rule 59(e) motion argues that the Court incorrectly concluded that Watson does not apply retroactively to cases on collateral review. See Doc. 9. Petitioner argues that this is a "clear error of law." Id. As neither the Supreme Court nor the Fourth Circuit have yet ruled on the retroactive applicability of Watson, this Court cannot say that it was clear error to find that the case did not apply on collateral review. Thus, Petitioner's motion is **DENIED**.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Order to Petitioner and all counsel of record.

It is so **ORDERED**.

/s/ Henry Coke Morgan, Jr.
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 20, 2008